OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated February 4, 2009, containing two charges of professional misconduct. After a preliminary conference on April 16, 2009 and a hearing on June 3, 2009, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee’s report and to impose such discipline as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in opposition thereto.
Charge one alleges that the respondent engaged in illegal conduct that adversely reflects on his honesty, trustworthiness, or fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]), in that he was convicted of a crime within the meaning of Judiciary Law § 90 (2).
On or about February 15, 2008, the respondent was indicted in Nassau County and charged with reckless endangerment in the first degree in violation of Penal Law § 120.25, operating a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 (2), reckless driving in violation of Vehicle and Traffic Law § 1212, criminal possession of a controlled substance in the seventh degree in violation of Penal Law § 220.03, and violations of Vehicle and Traffic Law § 1129 (a), § 1163 (d), § 1180 (b) and § 375 (12-a).
On July 16, 2008, the respondent entered a plea of guilty in the Supreme Court, Nassau County, before Justice Alan L. Honorof, to the crimes of operating a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 (2), an unclassified misdemeanor, and reckless endangerment in the second degree in violation of Penal Law § 120.20, a class A misdemeanor, in full satisfaction of the charges against him. The respondent admitted that on November 24, 2007, at approximately 4:40 a.m., he was driving eastbound on the Long Island Expressway, in the vicinity of exit 41, at a speed of 117 miles per hour while intoxicated and with passengers in the vehicle.
*370 On September 5, 2008, the respondent was sentenced for the above crimes to a period of incarceration of four consecutive weekends, a period of three years of probation, and 80 hours of community service, his driver’s license was suspended for a period of six months, and certain fees and fines were imposed.
Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on his conviction of a crime as set forth in charge one.
Based on the evidence adduced, including the respondent’s admissions, the Special Referee properly sustained both charges, and the Grievance Committee’s motion to confirm the Special Referee’s report is granted.
In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent has no prior disciplinary history. In view of the mitigation advanced and the fact that the respondent’s misconduct, while reckless and not to be condoned, did not involve the practice of law, we conclude that a public censure is the appropriate discipline to impose in this case.
Prudenti, PJ., Mastro, Rivera, Skelos and Leventhal, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the respondent is publicly censured for his professional misconduct.